Thomson, P. J.,
delivered the opinion of the court.
On May 15, 1889, the appellant, with one Pulliam, and one Slade, executed a promissory note to the appellee for $110, due in four months, with interest at two per cent per month. The note provided for the payment of an attorney’s fee for its collection in case it should not be paid at maturity, and authorized any attorney at law to appear for the makers, and confess judgment against them for the amount due. On December 27, 1895, upon complaint filed by the appellee, *493 judgment on the note was entered against the appellant upon a written confession by S. D. Brosius, an attorney at law, for $264.43, which included an attorney’s fee of $50.00. After-wards, on February 12, 1896, on motion of the appellant, the judgment by confession was set aside; and the appellant answered the complaint, admitting the execution of the note, but averring that it was signed by him as an accommodation maker, and that the principals were Pulliam and Slade; that on the 17th day of July, 1890, he paid to the Merchants’ State Bank, which held the note for collection, $47.00, in pursuance of an agreement with the bank that if he would pay that sum he should be released from further liability on the note; that the payment of $47.00 was indorsed upon the note ; that the plaintiff was guilty of negligence in suffering Slade to become insolvent before bringing suit; and that the attorney’s fee claimed was unreasonable. The defendant also pleaded the statute of limitations. The replication denied the averments of the answer, except that $47.00 had been paid by the defendant on the note. The trial, which was by the court, resulted in a judgment against the defendant for $173.97, and he appealed.
W e do not discover in the record, or counsel’s argument, any valid reason why this judgment should be disturbed. The alleged agreement of the bank that the defendant should be discharged from further liability, upon payment by him of $47.00, was not proved except as a conclusion of the defendant; besides, so far as the record discloses, the bank had no authority from the holder to make such agreement. Holding the paper for collection only, it could not bind the holder by any collateral agreement concerning it.
It is contended that as more than six years elapsed between the date of the maturity of the note and the rendition of the judgment, suit upon the note, as against the principals, was barred, and that as they were released, the defendant was also released. Whether, as a legal proposition, this is sound we need not inquire. Upon the face of the note the defendant was a joint maker, and there was no evidence that the plain *494 tiff knew that he signed the note except as maker. Therefore as between him and the plaintiff his liability was that of maker. The money which the bank received from him was indorsed on the note as a payment. It conld not be taken by the bank except as a payment, and there was no tangible evidence that it was otherwise taken. It was therefore a credit on the amount due in favor of all the makers, and the statute commenced to run against the payor on the day the payment was made. Between that day and the day suit was commenced, the statutory period had not elapsed. The foregoing disposes of the only questions raised by the assignment of errors, and the judgment is affirmed.

Affirmed.